IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHICAGO INSURANCE COMPANY,
    Plaintiff,

v.                                    Case No.: 3:14cv89/RS/EMT

RICHARD M. COLBERT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendants Thomas and Kalliope Zachos's ("the Zachoses") motion to dismiss the complaint filed by Plaintiff Chicago Insurance Company ("CIC") (docs. 1, 5). CIC filed a response in opposition to the motion to dismiss (doc. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised in the motion to dismiss, it is the opinion of the undersigned that the motion to dismiss should be denied.

I.     BACKGROUND

CIC filed the instant action seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it has no duty to defend or indemnify Defendant Richard M. Colbert ("Colbert") under Lawyers Professional Liability Policy No. LWB2401028 ("Policy") in connection with a Third Party Complaint filed by the Zachoses in a lawsuit pending in the Circuit Court in and for Okaloosa County, Florida, Case No. 2010-CA-002267 ("Underlying Lawsuit") (*see* doc. 1). The Zachoses have been named in this action as necessary/indispensable parties. Colbert is proceeding pro se in this case.

The Zachoses filed a motion to dismiss the complaint on two grounds: (1) the complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and (2) the complaint is an impermissible "shotgun" pleading (*see* doc. 5).

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that he pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

III. ANALYSIS

    A. <u>Failure to satisfy pleading standards of Rules 8 and 10 of the Federal Rules of Civil Procedure</u>

The Zachoses seek dismissal of each Count of CIC's complaint on the ground that each Count fails to satisfy federal pleading standards.

        1. Count I: Declaratory Judgment (Insuring Agreement)

In Count I of CIC's complaint, CIC asserts it has no duty to defend or indemnify Colbert as to those allegations of the Zachos's Third Party Complaint concerning Colbert's alleged conduct prior to the effective date of the Policy, because Colbert had a reasonable basis to believe he had breached a professional duty, or to reasonably foresee that a malpractice claim would be made against him; therefore, that conduct is outside the scope of coverage under the Policy (doc. 1).

The Zachoses contend Count I of the complaint fails to meet federal pleading standards for four reasons. First, CIC failed to plead facts underlying its conclusion that Colbert had a reasonable basis to believe he had breached a professional duty or to reasonably foresee that a malpractice claim would be made (doc. 5 at 4). For example, the complaint fails to allege what Colbert knew, when he knew it, or when facts related to the malpractice claim were reported to CIC by either Colbert or Clark, Partington, Hart, Larry, Bond & Stackhouse ("CPH"), the law firm of which Colbert was a partner at the time when some of the conduct alleged in the Underlying Lawsuit occurred (*id.*). Second, the complaint simply quotes the facts alleged in the Zachos's Third Party Complaint against Colbert in the Underlying Lawsuit, without CIC adopting the substance of those factual allegations as its own factual averments (*id.*). Third, the complaint fails to allege CPH breached a professional duty or could have reasonably foreseen that a malpractice claim would be made against Colbert, or that CPH failed to report the claim to CIC (*id.* at 4–5). Fourth, although Counts III and IV plead lack of notification and cooperation, Count I does not, and therefore fails to plead an essential element of Count I (*id.* at 5).

CIC contends that under Florida law, its duty to defend must be determined from the factual allegations of the Third Party Complaint in the Underlying Lawsuit; therefore, it is proper for CIC's complaint to rely upon and quote from the allegations of the Third Party Complaint to support its claim in Count I that it had no duty to defend or indemnify, because Colbert had a reasonable basis to believe

he had breached a professional duty, or to reasonably foresee that a malpractice claim would be made against him (doc. 11 at 3–4). CIC further contends the allegations of the complaint, specifically, paragraphs 16, 19, and 21, sufficiently allege facts supporting its claim that prior to the effective date of the Policy, Colbert had a reasonable basis to believe he breached a professional duty or to reasonably foresee that a malpractice claim would be made against him (*id.* at 4–5). CIC additionally contends that based upon the clear and unambiguous language of the Policy, as set forth in the complaint, it was not required to plead that CPH breached a professional duty or could have reasonably foreseen that a malpractice claim would be made against Colbert, or that CPH failed to report the claim to CIC, as the basis for its claim against Colbert in Count I (*id.* at 5–8). Further, CIC was not required to plead that Colbert or CPH failed to notify and cooperate with CIC in order to state a plausible "prior knowledge" claim in Count I (*id.* at 8–9).

Under Florida law, "an insurance provider's duty to defend an insured party 'depends solely on the facts and legal theories alleged in the pleadings and claims against the insured.'" Stephens v. Mid-Continent Cas. Co., — F.3d —, 2014 WL 1623737, at *4 (11th Cir. Apr. 24, 2014) (quoting James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1275 (11th Cir. 2008)). The duty to defend "arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." *Id.* (internal quotation marks and citations omitted). Therefore, it was not improper for CIC to rely upon the allegations of the Third Party Complaint in the Underlying Lawsuit in support of its claims of no duty to defend or indemnify in the instant declaratory action.

Further, as to Count I, the factual allegations in paragraphs 14–19, 21, and 23–25 of the complaint are sufficient to state a plausible claim that certain conduct alleged in the Third Party Complaint is not covered under the terms of the Policy. These factual allegations state that prior to the effective date of the Policy, Colbert, a partner at CPH when some of the conduct alleged in the Underlying Lawsuit occurred and thus an Insured under the terms of the Policy, had a reasonable basis to believe he had breached a professional duty, or to reasonably foresee that a malpractice claim would be made against him, in connection with his legal representation of Presidio Developers, LLC. Therefore, the Zachos's motion to dismiss as to Count I should be denied.

    2.    <u>Count II:  Declaratory Judgment (Definition of Insured)</u>

In Count II, CIC asserts it has no duty to defend or indemnify Colbert as to those allegations of the Zachos's Third Party Complaint concerning Colbert's alleged conduct after Colbert left CPH in 2005, because Colbert was not acting within the scope of his duties on behalf of CPH after he left the firm and, therefore, does not qualify as an Insured on the Policy as to that conduct (doc. 1).

The Zachoses reassert their argument that CIC's supporting facts are insufficient because the complaint quotes the allegations of the Third Party Complaint in the Underlying Lawsuit without adopting the pleading or stating that the allegations are CIC's own factual averments (doc. 5 at 5). The Zachoses also argue the complaint fails to allege that Colbert did not act on behalf of CPH after he left the firm in 2005, and the absence of such facts render its "no duty to defend or indemnify" claims implausible as to events that occurred after he left the firm (*id.* at 5–6).

CIC argues that paragraphs 32 and 33 of the complaint allege sufficient facts to support its claim that Colbert did not qualify as an Insured on the Policy as to alleged conduct that occurred after he left CPH in 2005 (doc. 11 at 9). CIC also argues the Zachoses improperly rely on unsupported facts extraneous to the complaint and its exhibits to attempt to refute CIC's allegations, which is inappropriate in determining whether the complaint is subject to dismissal at the pleading stage (*id.* at 9–10).

The undersigned concludes that the facts alleged in paragraphs 32 and 33 of the complaint are sufficient to plausibly show that Colbert did not act on behalf of CPH after he left the firm in 2005 and, therefore, was not covered by the Policy as to that conduct. Therefore, the motion to dismiss should be denied as to Count II.

### 3. Counts III and IV: Breach of Conditions Precedent to Coverage

In Counts III and IV, CIC alleges Colbert breached the conditions precedent to coverage under the Policy by failing to notify CIC of the Underlying Lawsuit and failing to cooperate in defending the Underlying Lawsuit, which prejudiced CIC regarding the defense of the Third Party Complaint (doc. 1).

The Zachoses contend the terms of the Policy required CPH, not just Colbert, to notify and cooperate with CIC; therefore, CIC's allegations that Colbert breached the conditions precedent to coverage are insufficient to state a plausible claim (doc. 5 at 6–8). The Zachoses additionally contend

CIC's allegations of prejudice resulting from Colbert's alleged failure to notify and cooperate are insufficient to plausibly show CIC was prejudiced in the defense of the Underlying Lawsuit (*id.*).

CIC contends under the plain language of the Policy, the duties to notify and cooperate with CIC were not solely CPH's, but Colbert's as well (doc. 11 at 10–14). CIC additionally contends the allegations of the complaint sufficiently allege prejudice (*id.* at 13–14). Further, the question of prejudice is ordinarily a question of fact and, therefore, not appropriate for disposition at this stage of the litigation (*id.* at 14).

The undersigned concludes that the facts alleged in paragraphs 36–44 and 48–50 of the complaint are sufficient to plausibly show that the notification and cooperation conditions precedent to coverage were breached, and that CIC suffered prejudice in defense of the Underlying Lawsuit as a result. Therefore, the motion to dismiss should be denied as to Counts III and IV.

  B. <u>Impermissible "shotgun" pleading</u>

As another ground for dismissal, the Zachoses contend the complaint is an impermissible "shotgun" pleading and thus subject to dismissal under Rule 8(a)(2) and Rule 10(b) (doc. 5 at 8–9). They argue each Count of the complaint incorporates by reference not only the paragraphs contained in the preliminary allegations, but also all of the paragraphs contained in each of the preceding Counts, which is a fatal pleading defect (*id.*).

Upon review of the cases cited by the parties, the undersigned rejects the Zachos's argument that the complaint is subject to dismissal as an impermissible "shotgun" pleading. The court and Defendants are able to ascertain the legal theories CIC is pursuing with regard to its "no duty to defend or indemnify" claims, and the factual allegations supporting those theories. Thus, even if the complaint technically meets the description of a "shotgun" pleading, due to CIC's incorporation of all preceding paragraphs into each Count, the complaint should not be dismissed for this reason.

Accordingly, it is respectfully **RECOMMENDED**:

That the motion to dismiss filed by Defendants Thomas and Kalliope Zachos (doc. 5) be **DENIED**.

At Pensacola, Florida this 13<u>th</u> day of June 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**